FLORIDA FIRST CORPORATION and
Harry M. Bertine, Jr., Appellants,

v.

Carl V. CESERY, Trustee, et al.,
Appellees.

No. 25930.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1968.

W. O. Birchfield, Jacksonville, Fla., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Frank X. Grossi, Jr., Attys., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., J. D. Raye, William J. Deas, III, Howell & Deas, Jacksonville, Fla., Crombie J. D. Garrett, Atty., Dept. of Justice, Washington, D. C., for appellees; Virginia Q. Beverly, Asst. U. S. Atty., of counsel.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

This is an appeal from the denial of the District Court of a petition to review the order of the Referee in Bankruptcy denying appellants' motion to have assets in the hands of the Trustee under a Section XI proceeding impressed with an equitable trust in its favor.

Appellants had, upon an agreement of the Debtor, found a purchaser for the assets of the Debtor within a few weeks of the filing of this Chapter XI proceedings. This had resulted in the execution of a contract of sale. Appellants had an agreement for the Debtor to pay a modified 5% commission upon the closing of the deal.

Before the closing could occur, the Debtor petitioned for a Chapter XI arrangement. The Referee ordered the sale to be consummated. The sales contract was silent as to any commission. The sale was consummated, and it produced only enough to pay expenses of administration and claims having priority status, with a possibility of a small dividend for ordinary creditors. The United States has a large income tax claim with priority status.

The appellant contended in the Bankruptcy Court that the circumstances required the creation of an equitable lien or the right to claim its $230,000 commission as a part of the cost of administration.

In light of the provisions of 11 U.S. C.A. 96(a) (6)[1] and in view of the fact that the referee did not authorize the incurring of any expense by the appellant for services in connection with "preserving the estate *subsequent to the filing of the petition*" we conclude that the trial court did not err in dismissing the petition for review.

The record discloses that the sales contract was fully executed and the commission earned prior to intervention of the Chapter XI proceedings although not to be paid until the closing. The referee held that the appellant was a common creditor for its earned commission. We are unable to find any basis for converting what the parties considered an unsecured obligation to pay the commission unto a secured claim.

The judgment is affirmed.

---

1. "The recognition of equitable liens where available means of perfecting legal liens have not been employed is declared to be contrary to the policy of this section." 11 U.S.C.A. § 96(a) (6).